**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

vs.                                            Case No: 3:05cr2/LAC
                                                                  3:08cv476/LAC/MD

**CYNTELL DENISE CAMPBELL**

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 92). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

**BACKGROUND and ANALYSIS**

Defendant was convicted pursuant to a written plea and cooperation agreement of conspiracy to possess with intent to distribute cocaine base. On May 23, 2005, she was sentenced to a term of 108 months imprisonment. (Doc. 55). She did not appeal. On March 31, 2008, the court reduced her sentence from 108 to 87 months pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 86).

Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. Defendant's judgment of conviction became final on June 7, 2005, ten days after sentence was imposed, when she did not appeal her case. *Moore v. Campbell*, 344 F.3d 1313, 1319-20 (11th Cir. 2003); *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). Therefore, to have been timely filed, defendant's motion should have been filed within one year from that date, or by June 6, 2006. Her motion, filed on October 8, 2008 pursuant to the prison mailbox rule,[1] is facially untimely. Furthermore, the claims raised herein, that counsel was constitutionally ineffective and that her conviction was secured by use of a "coerced confession" do not fall within any of the exceptions to the one year time limitation.

Defendant explains that she did not file her motion within the one year time limitation because she was unaware that counsel had not filed an appeal and was "unaware of the length of time required," and it also appears that defendant was waiting for a Rule 35 motion which she did not receive. Neither explanation suffices

---

[1] *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

Case No: 3:05cr2/LAC; 3:08cv476/LAC/MD

to warrant equitable tolling of the limitations period.  Unless defendant establishes his entitlement to equitable tolling, his motion is time barred.  *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).  Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence."  *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).  It only applies in "truly extraordinary circumstances."  *Johnson*, 340 F.3d at 1226 (citing *Jones v. United States*, 304 F.3d 1035, 1039-40; *Drew*, 297 F.3d at 1286).  The onus is on the defendant to show that he is entitled to this extraordinary relief.  *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights.  *United States v. Cicero,* 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).  Defendant has not met her burden of showing that equitable tolling is warranted in her case, and her untimely motion should be dismissed.

   Accordingly, it is respectfully RECOMMENDED:

   The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 92)  be summarily DISMISSED as untimely.

   At Pensacola, Florida, this 23rd day of October, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

*Case No: 3:05cr2/LAC; 3:08cv476/LAC/MD*

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**